DECISION
Betty L. Best and Alfred F. Best were married on May 26, 1983. At the time of the marriage, Ms. Best already owned a majority interest in a house and owned real estate at 5760 Johnstown Road in New Albany, Ohio.
In October of 1996, Ms. Best filed a divorce action. Before trial of the divorce case, the parties agreed upon many of the property distribution issues but could not agree upon what allocation should be made of the increase in value of the property on Johnstown Road. The parties also could not agree about payment of expense money and court costs.
The parties submitted the remaining issues for decision by the trial court based upon joint stipulations, stipulated testimony from each party and written closing arguments. The trial judge issued an extended, written decision, and later journalized a judgment entry — decree of divorce.
Ms. Best (hereinafter "appellant") has now pursued a direct appeal, assigning two errors for r consideration:
ASSIGNMENT OF ERROR NO. 1
 The Trial Court erred in its determination that the appreciation of the non-marital property owned by Appellant and her children is attributable to the labor and efforts of the parties * * *.
 ASSIGNMENT OF ERROR NO. 2
 The Trial Court erred in its determination that 5/8 of the total pay-out for mortgage payments constitutes a marital appreciation in the real property owned by Appellant and her children prior to the marriage * * *.
Since both assignments of error address the issue of the trial court's assessment of the appreciation of the house and real estate, both assignments of error will be addressed together.
The evidence before the trial court indicated that appellant and a former husband purchased 5760 Johnstown Road in 1971 for $32,000. When those parties went through a dissolution, the former husband, Donald J. Harvey, conveyed his one-half interest to appellant and the three children of the marriage. When appellant and Alfred Best (hereinafter "appellee") were married, the appraisal value of the property was $63,400.
Appellant and appellee stipulated that the property subsequently appreciated in value to $100,000. Since her ownership in the property was 5/8 of the value, the increase in value in appellant's portion of the property is $22,875. Appellee claimed that he is entitled to one-half of the increase in value or $11,437.50. Appellant claimed that appellee was entitled to none of the increase.
The parties stipulated that they installed a sixty-foot by sixteen-foot deck at the house and they installed new shingles on the roof. The cost of materials for the deck was $2,000, and the cost of the shingles was $400.
The trial court awarded appellee $11,377.14 of the appreciation in the in the property which occurred during the marriage but ordered that the sum be paid at a rate of $500 per month for approximately two years to liquidate her responsibility to her now ex-husband appellee.
The parties did not submit information about how much of the principle on the mortgage on the residence was reduced during the marriage. The parties also submitted no information regarding the effect of the addition of the deck or the effect of the roofing work on the value of the property.
Since she did not have testimony or other evidence which would have been helpful, the trial judge tried to make use of the information she did have. The parties had provided a copy of the mortgage note which demonstrated monthly payments of $207.33 during the duration of the marriage. The parties both asserted that the mortgage was paid from a joint checking account throughout the marriage.
The trial judge computed the gross amount of the mortgage payments to have been $31,306.83. The trial court also computed the total costs of maintenance and improvement as being $5,100. The judge then viewed 5/8 of those expenditures as representing the marital portion of the appreciation of the property. Thus, $22,754.27 was computed as being the marital portion of the total appreciation of the 5/8 owned by appellant. As noted above, the total increase in value for the 5/8 interest as stipulated by the parties was $22,875. As also noted above, the trial court awarded one-half of the marital portion of the appreciation then computed to appellee.
The trial judge, the parties and the attorneys were all placed in a no-win situation. The cost of detailed appraisals and expert testimony on the real estate, coupled with the costs of a full trial, could well have eaten up most of the total appreciation of the property. The cost of complete information could easily have exceeded what the parties could afford to spend to litigate. Further, the attorneys could not be expected to front the costs of this litigation, even if ethics permitted them to do so. However, the cost of a subpoena to the lending institution, which held the first mortgage might have permitted the trial court to make an informed finding about the reduction in the mortgage principle which occurred during the marriage. Obviously, the principle could have been reduced by extra payments directly to the lending institution or the principle could have been reduced only by a portion of the mortgage payment.
Under the circumstances, the trial judge did the best she could. She did not attribute the increase in value to the labor and efforts of the parties. She gave credit only for sums expended from a joint checking account and reduced those sums by 3/8 to represent the portion which the parties knew was benefiting the three children of appellant. Thus, the "determination" alleged in the first assignment of error did not occur. The first assignment of error is overruled.
As to the second assignment of error, appellant was able at all times to provide complete and accurate information about the reduction in principle on the mortgage by simply obtaining the information from her lending institution. Appellee could have provided the information by simply subpoenaing the information. The mortgage payments apparently stopped in 1996, so the mortgage was paid off after approximately twenty-five years of the thirty years anticipated by the mortgage note. Under the circumstances, we cannot say that the trial court abused its discretion in using the minimal financial figures provided to estimate the reduction in principle of the mortgage which occurred during the marriage. The trial court would have been within its rights to award the approximately $11,000 awarded in a lump sum and not permitted the sum to be paid over a period of almost two years. The trial court also would have been within its rights to award appellee some compensation for his work in installing the deck. The trial court instead attempted to be fair to both parties and made an equitable order.
Again, we find no abuse of discretion by the trial court in its computation, given the evidence provided. We, therefore, also overrule the second assignment of error.
Both assignments of error having been overruled, the judgment of the trial court is affirmed.
Judgment affirmed.
PETREE and DESHLER, JJ., concur.